UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARVEL WHITE,

      Plaintiff,

v.

FCA US LLC,

      Defendant.

Case No. 24-10160
Honorable Laurie J. Michelson

---

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [33]

---

Carvel White worked at an FCA automotive plant in Detroit, Michigan. During his time there, his then-wife was his team leader. When their personal relationship unraveled, White says his employment environment began to suffer too. He eventually took a leave of absence from the company for his depression. But he was terminated when he failed to return to work after that leave.

So White brought this lawsuit alleging various claims of race discrimination, unlawful retaliation, and disability discrimination in violation of federal and state laws, as well as wrongful discharge in violation of Michigan public policy. (ECF No. 1.) The Court granted summary judgment to FCA on all claims. (ECF No. 30.) White now seeks reconsideration of that decision. (ECF No. 33.)

Finding no clear error of law in the Court's prior opinion, White's motion for reconsideration is DENIED.

**I.**

White brings his motion under Federal Rule of Civil Procedure 59(e). (ECF No. 44, PageID.793.) "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009); *see also Moore v. Coffee County, TN*, 402 F. App'x 107, 108 (6th Cir. 2010). White does not allege an intervening change in controlling law, nor does he argue that he has obtained previously unavailable evidence. (*See generally* ECF No. 33.) Instead, White contends the Court committed three errors of law.

"[A] Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." *West v. JPMorgan Chase N.A.*, No. 24-01219, 2026 WL 562723, at *1 (M.D. Tenn. Feb. 17, 2026) (citing *Gulley v. County of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012)); *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003). ("[A] motion to reconsider [under Fed. R. Civ. P. 59(e)] should not be used to re-litigate issues previously considered."). "Altering or amending a judgment is an extraordinary remedy and should be granted sparingly with the disposition of such a motion being entrusted to the court's discretion." *In re Nadeau*, No. 21-31239, 2022 WL 4542768, at *2 (Bankr. N.D. Ohio Sept. 28, 2022) (citing *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008)); *see McFarlane*

*v. Warden Chillicothe Corr. Inst.*, No. 18-1377, 2019 WL 3501531, at \*1 (S.D. Ohio Aug. 1, 2019) ("Relief under Rule 59(e) . . . 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'") (citation omitted).

The errors alleged by White fall well short of this high bar.

### A.

White first takes issue with the Court's pretext analysis. (ECF No. 33, PageID.795.)

FCA terminated White, the record established, because he failed to return to work after an independent medical examination (IME) cleared him to do so. (ECF No. 23, PageID.143.) White tried to challenge this rationale by arguing that the IME process was "convenient" and was used to "force [him] back into a hostile work environment" that FCA knew he would not endure. (ECF No. 25, PageID.476.) The Court rejected this argument because "there [was] no evidence that FCA selectively enforced its IME process." (ECF No. 30, PageID.757.)

White argues that this issue should have been left for a jury to decide because his own doctor had sent a letter to FCA's third party claims manager challenging the IME's conclusion. (ECF No. 33, PageID.795.) The letter from his doctor, he maintains, means a jury could "find FCA's asserted rationale unworthy of credence" (*id.* at PageID.795) and serves as "conflicting evidence as to whether the employer's stated reason actually motivated the termination" (*id.* at PageID.796).

The Court considered FCA's stated reason for White's termination—his failure to return to work after the IME cleared him to do so—to be a legitimate, non-discriminatory reason for the adverse employment action. (ECF No. 30, PageID.756.) Under the *McDonnell Douglas* burden shifting framework, the burden then switched to White to "prove by a preponderance of the evidence that the legitimate reasons offered by [FCA] were not its true reasons, but were a pretext for discrimination." *Levine v. DeJoy*, 64 F.4th 789, 797 (6th Cir. 2023) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). So White needed to show that FCA "made up its stated reason to conceal intentional discrimination," *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009)—not that his own medical professional disagreed with the IME's recommendation.

White did not make that showing. The IME process was the mandatory, bargained for procedure that the union and FCA had agreed on. (ECF No. 30, PageID.757.) White proffered no evidence that FCA's enforcement of the IME process was selectively enforced or used as a smoke screen for an ulterior, discriminatory motive. (*Id.*) And the primary purpose of an *independent* medical examination is to avoid the very argument being asserted by White—that his own doctor has a different view. So, despite White's (and his doctor's) disagreement with the IME outcome, there was no evidence on the record showing that the IME finding was a pretext for discrimination. This ground for reconsideration is without merit.

4

**B.**

White also challenges the dismissal of his failure to accommodate claim under the Persons with Disabilities Civil Rights Act (PWDCRA). (ECF No. 33, PageID.796.) White says his transfer request was medically based and should have been accommodated. (*Id.* ("On that record, a reasonable jury could conclude that Plaintiff's requested transfer was medically based, not simply a request to choose his preferred coworkers or supervisor.").) He also argues that a reasonable jury could find that FCA should have engaged in an interactive process to accommodate him. (*Id.* at PageID.797.)

White fails to engage with the relevant law. Thus, he cannot show that the Court made a legal error. On a failure to accommodate claim, "[a]n employee bears the burden of demonstrating that a proposed accommodation 'seems reasonable on its face.'" *Hrdlicka v. Gen. Motors, LLC*, 63 F.4th 555, 570 (6th Cir. 2023) (citing *Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1229 (6th Cir. 2022)). So while the Court agreed that White's depression qualified as a disability, it concluded that his proposed accommodation—transfer to another plant—was not reasonable because it was done "to avoid working with certain people." (ECF No. 30, PageID.770 (citing *Hrdlicka*, 63 F.4th at 571).) The Court made this finding by adhering to the Sixth Circuit's ruling in *Hrdlicka* that "[a] transfer request is not reasonable if it was made to avoid working with certain people." *Hrdlicka v. GM LLC*, 63 F.4th 555, 571 (6th Cir. 2023). There, the Court concluded that an employee's transfer request was an unreasonable accommodation because, even though the employee had depression

that "precipitated her request for a transfer," the request was "specifically linked to her distaste for her current work environment." *Hrdlicka*, 63 F.4th at 571 (affirming the district court's grant of summary judgment to employer on PWDCRA failure to accommodate claim). Similarly here, the record showed that White suffered depression as a result of "working with Massey and Nelson because the way they treated him and the environment they created" and thus his transfer request was essentially a request to avoid working with these individuals. (ECF No. 30, PageID.771.)

With this finding, White's second alleged legal error—that FCA violated its duty to engage in an interactive process—falls away. That duty is only triggered "if the plaintiff establishes a prima facie showing that he proposed a reasonable accommodation." *Hrdlicka*, 63 F.4th at 572 (citing *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014)). Because the Court deemed White's transfer request an unreasonable one pursuant to Sixth Circuit authority, FCA did not fail to engage in an interactive process.

Thus, this second ground for reconsideration fails.

## C.

White's final ground for reconsideration is that the Court construed his protected activity too narrowly for his retaliation claims. (ECF No. 33, PageID.799 ("Defendant, by contrast, argued that Plaintiff's HR complaints were merely about post-divorce interpersonal conflict and thus not protected activity."); (*id.* at PageID.800 ("The Court's ruling adopted that framing too rigidly at summary

6

judgment. The question was not whether Defendant's characterization was plausible. The question was whether the record permitted only that characterization.").)

But the Court did not adopt such a construction. In fact, it assumed the HR complaints *were* protected activity. (ECF No. 30, PageID.762.) And yet it still concluded that White had not satisfied the requisite causation element. (*Id.* at PageID.764 ("Now the Court must analyze whether there is a causal link between White's complaints to HR and these adverse actions. White has made no such showing.").) White has made no showing that this was legally erroneous.

So White's third argument for reconsideration also fails to persuade.

## II.

One final note. The Court appreciates the time and effort the parties spend during discovery and in the preparation of summary judgment briefs. So the Court puts in like effort in drafting summary judgment opinions. Of course, the losing side is going to be disappointed and often of the mindset that the ruling should have gone the other way. But the standard under Rule 59(e) is a demanding one, not a chance at a do-over. To avoid straining the Court's resources, lawyers would do well to heed this District's local rule that motions for reconsideration are disfavored.

Because White fails to show a clear error of law or manifest injustice, *Gritton*, 332 F. App'x at 238, his motion for reconsideration (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated: July 6, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

7